UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HOWARD KNOX,

         Plaintiff,    Civ. Action No.: 15-cv-1904

-against-

THE CITY OF NEW YORK, NEW YORK CITY  **COMPLAINT**
POLICE DEPARTMENT, NEW YORK CITY
DEPARTMENT OF CORRECTIONS, PAROLE  **JURY TRIAL**
OFFICER "JANE" KHAN, SENIOR PAROLE  **DEMANDED**
OFFICER "JOHN" UZZELL, and JOHN DOES
NUMBERS 1-5,

         Defendants.
------------------------------------------------------------------X

  Plaintiff HOWARD KNOX, by his attorney, RAISER & KENNIFF, P.C., for his complaint alleges as follows:

### NATURE OF THE ACTION

  This is a civil rights action to recover money damages arising out of defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to the plaintiff by the Constitution and laws of the United States and by 42 U.S.C. § 1988, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff was arrested on November 27, 2013, by defendants Parole Officer Kahn and Senior Parole Officer Uzzell of the Queens County Parole Department. He was charged with violation of his parole conditions. It was alleged that "on or before 8/17/13[Plaintiff] violated rule number 8 of the conditions of his parole in that he threatened the safety and well being and Life of Lola Zanibar" and that "on 11/21/13 at 6:59 AM….subject failed to comply with the special conditions given to him in writing that he

comply with a curfew of 9pm to 7am 7 days a week" (*See* attached Violation of Release Report annexed hereto as Exhibit A). The aforementioned violations against Plaintiff were subsequently dismissed on January 8, 2014, after the Administrative Law Judge ruled that the violations were unfounded. Plaintiff was deprived of his constitutional and civil rights including but not limited to false arrest, false imprisonment, malicious prosecution, resulting in the depravation of the constitutional rights of its citizens.

## JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the first, fourth, fifth, sixth, eighth and fourteenth amendments to the Constitution of the United States.

## VENUE

2.  Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district and plaintiff resides in this district.

## JURY DEMAND

3.  Plaintiff demands trial by jury in this action.

## PARTIES

4.  Plaintiff Howard Knox is a citizen of the United States and is a resident of the County of Queens, State of New York, and at all times relevant to the allegations of this complaint did so reside.

5.  Defendant City of New York (hereinafter "City") is a municipal corporation organized under the laws of the State of New York and at all relevant times. The City operates

the New York City Police Department (hereinafter "NYPD") and the New York City Department of Corrections (hereinafter "Corrections"), departments or agencies of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers and parole officers.

6. Defendant Parole Officer "Jane" Kahn ("Kahn") was and is at all times relevant herein, a parole officer, employee, and agent of the NYPD and Corrections, municipal agencies of the City. Kahn is being sued individually and in her official capacity. Presently, Kahn's first name remains unknown to Plaintiff.

7. Defendant Senior Parole Officer "John" Uzzell ("Uzzell") was and is at all times relevant herein, a parole officer, employee, and agent of the NYPD and Corrections, municipal agencies of the City. Uzzell is being sued individually and in his official capacity. Presently' Uzzell's first name remains unknown to Plaintiff.

8. Defendants John Does Numbers 1-5 ("John Does") were and are at all times relevant herein, officers, employees, and agents of the NYPD and Corrections, municipal agencies of the City. John Does are being sued individually and in their official capacities.

9. At all times relevant hereto all Defendants were acting under color of law and pursuant to their authority as police/parole personnel, with the power and authority vested in them as officers, agents and employees of the NYPD/Corrections and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD and Corrections.

## STATEMENT OF FACTS

10. Plaintiff was incarcerated from 1995-2011 at a New York State Correctional Facility because he was convicted of Manslaughter. Upon being released in 2011, Plaintiff began

his post release supervision (which was to end sometime in 2020) and was assigned to a Parole officer.

11.     On November 27, 2013, Plaintiff went to report to his Parole Officer Kahn, and was subsequently arrested for alleged parole violations. It should be noted this was Plaintiff's first meeting with Kahn, who had just been assigned to Plaintiff as his new parole officer.

12.     Plaintiff's arrest for the alleged parole violations was authorized by Uzzell, a senior parole officer.

13.     Kahn claimed that Plaintiff allegedly made a threat against Lola Zanibar in August of 2013. Kahn also charged Plaintiff with violating his curfew requirement.

14.     Plaintiff explained to Kahn that he had informed his previous parole officer that due to his work schedule he would have to leave the house at different time. His previous parole officer had granted Plaintiff permission to do this.

15.     Plaintiff inquired as to the alleged threats, and asked Kahn why there was a 4 month delay in bringing the violation. Kahn, who could not provide an explanation, proceeded to place Plaintiff under arrest and transported him to a Riker's Island Correctional Facility, which was authorized by Uzzell.

16.     It should be noted that the complainant Kahn named in her report was Lola Zanzibar, yet Plaintiff does not know anyone by that name.

17.     While incarcerated, Plaintiff was able to contact Lizette (Lola) Lanoue, the only person that he knows to be named Lola, and obtained a notarized letter from her stating Plaintiff never threatened her (See attached letter annexed hereto as Exhibit B).

18.     On December 10, 2013, Plaintiff was brought before Administrative Law Judge Ross ("ALJ") to conduct a parole revocation hearing. At the hearing, Plaintiff presented the

notarized letter he had from Lizette (Lola) Lanoue. The case was adjourned to Wednesday January 8, 2014, in order for Defendants to conduct an investigation into that letter and other facts.

19. On January 8, 2014, Plaintiff was once again brought before ALJ Ross to continue his parole revocation hearing. All charges were dismissed in favor of Plaintiff at that time.

20. Plaintiff was released on or about January 10, 2014. Plaintiff proceeded to retain the Law Firm of Raskin & Kremins, LLP. Ms. Emily Mann Esq., was assigned to his case. Ms. Mann filed a Notice of Claim on or about April 9, 2014, and a 50-h hearing was held on June 6, 2014. Nothing further was done.

21. At all times herein the arrest and detention of Plaintiff was without probable cause.

22. The individual Defendants' acts and omissions described above were intentional, wanton, willful and malicious, and were performed in violation of and with deliberate indifference and/or in reckless disregard of Plaintiffs' rights, secured by the Fourth, and Fourteenth Amendments to the United States Constitution

23. As a direct and proximate result of the foregoing actions, Plaintiff has suffered the following injuries, among others:

    a. psychological and emotional injury, past and future;

    b. degradation, humiliation, mental anguish, suffering and embarrassment;

    c. loss of, and damage to, his reputation;

    d. deprivation of liberty;

## FIRST CAUSE OF ACTION

### VIOLATION OF RIGHTS SECURED BY 42 U.S.C. §1983 AND BY THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

24. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

25. At all times relevant herein, the conduct of all Defendants were subject to the provisions of 42 U.S.C. §§1983 and 1988.

26. As of November 27, 2013, there existed a clearly recognized federal right pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free from the deprivation of liberty without due process of law.

27. The conduct and actions of Defendants Khan, Uzzell, and John Does, acting jointly and severally under color of state law, in unlawfully seizing, arresting, and imprisoning Plaintiff was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to cause and did cause past and future psychological and emotional injury; degradation, humiliation, mental anguish, suffering and embarrassment; loss of, and damage to, his reputation; and deprivation of liberty in violation of the Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

28. As a direct and proximate result of all of the Defendants' wrongful acts, policies, practices, customs and/or usages complained of herein, the Plaintiff suffered injuries and damages including, but not limited to, past and future psychological and emotional injury;

degradation, humiliation, mental anguish, suffering and embarrassment; loss of, and damage to, his reputation; and deprivation of liberty, without any negligence on the part of the Plaintiff contributing thereto.

## SECOND CAUSE OF ACTION

### CONSTITUTIONAL CLAIMS AGAINST THE MUNICIPAL DEFENDANTS

29. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

30. At all times material to this amended complaint, the Defendant City, acting through NYPD and Corrections, had in effect *de facto* policies, practices, and customs exhibiting deliberate indifference to the constitutional rights of the citizens, residents, and occupants of the City of New York that were a direct and proximate cause of the unconstitutional conduct of Defendants Kahn, Uzzell, and John Does.

31. These *de facto* policies, practices and customs include, *inter alia,* the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control parole officers engaged in the unlawful and unjustified detention and imprisonment of the citizens, residents, and occupants of the City of New York, particularly those police officers who are repeatedly accused of such acts.

32. Upon information and belief, the Defendant City failed to effectively screen, hire, train, supervise and discipline their parole officers, including the Defendants Kahn, Uzzell and John Does herein, for their propensity for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the Defendant parole officers herein to be in a position to unlawfully arrest and imprison the Plaintiff and to otherwise cause

him injury and violate his federal and state constitutional rights, and/or to permit these actions to take place with their knowledge or consent.

33. As a result of the foregoing conscious policies, practices, customs and/or usages, Defendant City has permitted and allowed the employment and retention of individuals as parole officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of constitutionally violative behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the Plaintiff.

34. At all times herein, Defendant City had authority to address alleged behavior that violated citizens' constitutional rights and to institute corrective measures.

35. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs and/or usages complained of herein, the Plaintiff suffered injuries and damages including, but not limited to, past and future psychological and emotional injury; degradation, humiliation, mental anguish, suffering and embarrassment; loss of, and damage to, his reputation; and deprivation of liberty, without any negligence on the part of the Plaintiff contributing thereto.

### THIRD CAUSE OF ACTION

#### PENDENT CLAIM OF NEGLIGENT HIRING, TRAINING, AND SUPERVISION AGAINST DEFENDANT CITY

36. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

37. At all times relevant herein, Defendant City has been grossly negligent and negligent in the hiring, supervision, training, and monitoring of Defendants Kahn, Uzzell and John Does.

38. As a direct and proximate result of the Defendant's wrongful acts, policies, practices, customs and/ or usages complained of herein, the Plaintiff suffered injuries and damages including, but not limited to, past and future psychological and emotional injury; degradation, humiliation, mental anguish, suffering and embarrassment; loss of, and damage to, his reputation; and deprivation of liberty, without any negligence on the part of the Plaintiff contributing thereto.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

40. Defendants Kahn, Uzzell, and John Does, acting individually and in concert, intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously seizing, arresting, and/or imprisoning Plaintiff, by conspiring against him and/or by interfering with his state and federal civil rights or knew or should have known that emotional distress was the likely result of their conduct.

41. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

42. The actions of the Defendants were the cause of Plaintiff's distress and injuries.

43. Plaintiff is a reasonable man.

44. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable person could be expected to endure.

45. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

46. As a direct and proximate result of the defendants' wrongful acts, policies, practices, customs and/ or usages complained of herein, the Plaintiff suffered injuries and damages including, but not limited to, past and future psychological and emotional injury; degradation, humiliation, mental anguish, suffering and embarrassment; loss of, and damage to, his reputation; and deprivation of liberty, without any negligence on the part of the Plaintiff contributing thereto.

## FIFTH CAUSE OF ACTION

## FALSE ARREST AND FALSE IMPRISONMENT

47. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

48. Defendants Kahn, Uzzell, and John Does, acting individually and in concert, intentionally and deliberately falsely arrested and falsely imprisoned Plaintiff and subjected Plaintiff to an unreasonable, unlawful and unconstitutional search.

49. Defendants Kahn, Uzzell, and John Does intended to confine Plaintiff in a prison cell at Riker's Correctional Facility.

50. Plaintiff was conscious of the confinement at the above-mentioned place.

51. Plaintiff did not consent to the confinement in any of the above-mentioned place.

52. The confinement of the Plaintiff in the above-mentioned place was not otherwise privileged, for example, due to a valid search warrant or arrest.

53. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs and/ or usages complained of herein, the Plaintiff suffered injuries and damages including, but not limited to, past and future psychological and emotional injury; degradation, humiliation, mental anguish, suffering and embarrassment; loss of, and damage to,

his reputation; and deprivation of liberty, without any negligence on the part of the Plaintiff contributing thereto.

## SIXTH CLAIM

## MALICIOUS PROSECUTION

54. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

55. The actions of Defendants Kahn, Uzzell, and John Does, acting individually and in concert, intentionally and deliberately led to a malicious prosecution of Plaintiff.

56. A judicial proceeding was commenced and prosecuted against Plaintiff.

57. This was done by or at the instance of the Defendants.

58. This was done without probable cause.

59. This was done with malice.

60. The judicial proceeding terminated in favor of the Plaintiff in malicious prosecution action.

61. Plaintiff was injured by having to go through this judicial proceeding.

62. Plaintiff suffered interference with his person or property as a result of this proceeding.

63. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs and/ or usages complained of herein, the Plaintiff suffered injuries and damages including, but not limited to, past and future psychological and emotional injury; degradation, humiliation, mental anguish, suffering and embarrassment; loss of, and damage to, his reputation; and deprivation of liberty, without any negligence on the part of the Plaintiff contributing thereto.

## JURY DEMAND

64. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all individual defendants, jointly and severally;

(c) The convening and empanelling of a jury to consider the merits of the claims herein;

(d) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(e) Such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
April 7, 2015

ANTHONY J. COLLELUORI, ESQ.
Raiser & Kenniff, P.C.
300 Old Country Road, Suite 351
Mineola, NY 11501
(516) 742-7600

*Attorneys for Plaintiff*